Michael Craig **RAINS**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–83–397–CR.

Court of Appeals of Texas,
Fort Worth.

Oct. 24, 1984.

Lee Ann Dauphinot, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for the State.

Before FENDER, C.J., and HUGHES and JORDAN, JJ.

## OPINION

JORDAN, Justice.

This is an appeal from an order revoking probation. On December 17, 1979, appellant pled guilty to the offense of burglary of a motor vehicle and received a seven-year probated sentence. On April 28, 1983, the State filed a motion to revoke probation. In its petition, the State alleged four violations of probationary conditions: (1) evading arrest; (2) theft of beer; (3) failure to report to the probation officer; and (4) failure to pay probation fees. After a hearing, the motion was held in abeyance and probation was reinstated with several modifications. These amendments included an order to "participate fully in the Tarrant County Adult Probation Department's Intensive Supervision Program...."

On September 9, 1983, the State filed its first amended petition for revocation of probation. The amended petition included the same four allegations mentioned in the State's original petition, and in addition alleged that appellant had failed to abide by the rules and regulations of the Court Residential Center. After a hearing, the court revoked appellant's probation on the basis of his failure to report and his failure to cooperate fully with the rules and regulations of the Court Residential Center. Appellant contends that revocation of his probation cannot be sustained on either ground.

We reverse and render.

■ In his first ground of error, appellant contends that the trial court's decision to revoke his probation on the basis of his failure to report was a violation of due process as such failure had been previously considered at the May, 1983 hearing when appellant's probation was reinstated with modifications. We agree, as the State concedes, that the trial court's action in revoking appellant's probation on the basis of his failure to report was a violation of due

process and an abuse of discretion. *Rogers v. State*, 640 S.W.2d 248, 251 (Tex.Crim. App.1981). In *Rogers*, a case factually similar to the present case, the Court of Criminal Appeals held that the trial judge having exercised his discretion to continue Rogers' probation at the first hearing could not at a later hearing revoke his probation solely on the basis of allegations considered earlier. *Id.; see also Furrh v. State*, 582 S.W.2d 824, 827 (Tex.Crim.App.1979). As the court explained:

> The probationer who has been returned to probation after a hearing regardless of the procedural label, retains the valuable liberty of probation and the due process protection of the Fourteenth Amendment [of the United States Constitution] and [article I] Section 19 [of the Texas Constitution].

> This protection includes the fundamental requirement that the probation, recently returned, not be taken away arbitrarily ... It would be the epitome of arbitrariness for a court first to conduct a hearing on alleged violations and exercise its discretion to return the probationer to probation (whether by a '*continuance* of the *hearing*' or by a '*continuance* of the *probation*'), and then decide several months later to exercise its discretion in the opposite fashion by revoking the probation without any determination of a new violation. (Emphasis added.)

*Rogers*, 640 S.W.2d at 252.

Appellant's first ground of error is sustained.

■ Appellant in his second ground of error urges that the trial court erred in considering his failure to report inasmuch as this placed appellant in double jeopardy in violation of the Fifth Amendment. It is well established that double jeopardy concepts do not apply to probation revocation proceedings since they are essentially administrative in nature. *Davenport v. State*, 574 S.W.2d 73, 76 (Tex.Crim.App. 1978). Appellant's second ground of error is accordingly without merit.

■ In grounds of error three and four appellant complains that no condition of his probation required him to live at the Court Residential Center or follow its rules and therefore the trial court's revocation of appellant's probation on a finding that he failed to abide by the Center's rules was an abuse of discretion. We agree.

By the amended terms of appellant's probation he was to "[p]articipate fully in the Tarrant County Adult Probation Department's Intensive Supervision Program; obey all terms and conditions as prescribed and continue to comply with all requirements of said [program] until released by the Court." In its amended petition to revoke appellant's probation, the State complained that:

> The defendant, Michael Craig Rains, was ordered by the Court to participate fully in the Tarrant County Adult Probation Department's Intensive Supervision Program, obey all requirements of said program until released by the Court, *and* reside at the Court Residential Center operated by the Volunteers of America, cooperate fully with the rules and regulations, pay for services as per agreed scale and continue cooperating with said facility personnel until released by the Court. The Defendant failed to cooperate fully with the rules and regulations of the Court Residential Center in that on June 26, 1983, August 10, 1983, August 16, 1983, and August 17, 1983, the Defendant tested positive for use of alcohol; ... (Emphasis added.)

■ The central issue to be determined is whether the written conditions of appellant's probation sufficiently apprised him of his obligations. Due process requires specificity and that adequate notice of the terms of probation be contained in the court's written order. *Harris v. State*, 608 S.W.2d 229, 230 (Tex.Crim.App.1980). To be enforceable, a condition of probation must inform the probationer, with sufficient certainty, what is required of him. *Id.*

In *Cardona v. State*, 665 S.W.2d 492 (Tex.Crim.App.1984), a condition of Cardo-

na's probation required him to "attend [the] Houston Regional Council on Alcoholism until released by the Court." *Id.* at 493. In reversing the trial court's probation revocation decision, the Court of Criminal Appeals held that this condition could not form the basis of a probation revocation decision as it lacked specificity and was "conspicuously devoid of any notice as to *when,* if ever, [Cardona] was to attend the Houston Council on Alcoholism." *Id.* at 494. (Emphasis in original.)

In *Cotton v. State,* 472 S.W.2d 526 (Tex. Crim.App.1971), the Court of Criminal Appeals held that in the absence of evidence as to when the probationer was required to report, revocation of probation on the ground that the probationer failed "to report to the probation officer as directed" was an abuse of discretion. *Id.* at 527; *see also Campbell v. State,* 420 S.W.2d 715, 716 (Tex.Crim.App.1967).

We see no meaningful distinction in the lack of specificity in the terms of probation in these cases and the condition in the present case.

Moreover, there was no evidence adduced at trial that the Court Residential Center was a part of the Intensive Supervision Program. Further, it is obvious from the wording of the State's motion to revoke that the Intensive Supervision Program and the Court Residential Center are two separate programs since the State maintained in its motion that appellant was ordered to obey all the requirements of the Intensive Supervision Program, *and also* cooperate with the Court Residential Center's rules and regulations.

In support of its contention that appellant was afforded sufficient notice of the terms of his probation, the State relies upon *Jones v. State,* 571 S.W.2d 191 (Tex. Crim.App.1978), and *Salmons v. State,* 571 S.W.2d 29 (Tex.Crim.App.1978). The probationary conditions which required the defendants in *Jones* and *Salmons* to participate in drug treatment programs are distinguishable from the condition in the present case, however, in their detail and explicitness.

We find that on its face the terms and conditions of appellant's probation did not give appellant sufficient notice of his obligations under the Intensive Supervision Program. Moreover, there was no testimony from the probation officer that she ever informed appellant that he had to reside at the Court Residential Center and abide by the Center's rules as part of the terms of appellant's probation. Revocation of appellant's probation on the ground that appellant failed to abide by the Center's rules was accordingly, a violation of due process and an abuse of discretion.

The order revoking appellant's probation is set aside and the State's amended motion to revoke probation is dismissed.