IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-393-CR


NO. 3-91-394-CR


AND


NO. 3-91-395-CR




CATHIE ANN CASTILLEJA,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY, 



NOS. 32,059, 32,124 & 32,252, HONORABLE HOWARD S. WARNER, II, JUDGE


 





PER CURIAM

 These are appeals from three orders revoking probation. Appellant was placed on
probation in each cause following her convictions for theft by check. Tex. Penal Code Ann.
§§ 31.03, 31.06 (1989 & Supp. 1992). The punishment in each cause is incarceration for 120
days.

 By her first point of error, appellant contends that the underlying judgments of
conviction are void. Specifically, appellant urges that the trial court did not have jurisdiction
because the informations were not filed. As evidence in support of this contention, appellant
points out that the informations do not bear the file stamp of the county clerk.

 A charging instrument that fails to reflect on its face the time of presentment and
filing is not fundamentally defective. Rincon v. State, 615 S.W.2d 746 (Tex. Crim. App. 1981). 
It is sufficient that the docket sheets in each cause reflect that complaints and informations were on file. Id. In addition, the informations in our numbers 3-91-393-CR and 3-91-394-CR recite
on their face that they were filed on a specified date. Point of error one is overruled.

 In point of error three, appellant urges that the conditions of probation she was
found to have violated were so vague and indefinite as to be unenforceable. In point two,
appellant contends the trial court erred by overruling her motions to quash the State's motions to
revoke, citing the vagueness of the conditions of probation as the reason. Finally, in point four,
appellant contends the State failed to prove the alleged violations of the conditions of probation. 
We will address these points of error as they apply to the eighteenth condition of probation in each
cause: "Life skills program."

 In her brief, appellant asks of this condition, "Does that mean she is to read a book,
think about life, attend some course, pass a course, take a test or what?" Appellant concludes that
because this condition of probation does not expressly direct her to do anything, her probation
could not be revoked for failure to comply.

 Bonnie Goodwin testified that she is regional coordinator for an organization "that
sponsors these Life Skills Programs in various places throughout the state. And they're primarily
for first-time offenders to teach them life skills that will hopefully help them not to become repeat
offenders." In early September 1991, appellant called Goodwin to enroll in the October class. 
Appellant failed to attend the class and, according to Goodwin, never made arrangements to attend
another.

 Appellant testified that she understood that she was required to attend the life skills
class. She stated that she did not attend because she could not afford the $60 fee. She admitted,
however, that she had been told that the fee could be waived. Asked why she never sought a
waiver of the fee, appellant replied, "I just never mentioned it."

 To be enforceable, a condition of probation must inform the probationer with
sufficient certainty of what she is to do. Cardona v. State, 665 S.W.2d 492 (Tex. Crim. App.
1984); Harris v. State, 608 S.W.2d 229 (Tex. Crim. App. 1980); Rains v. State, 678 S.W.2d 308
(Tex. App. 1984, pet. ref'd). But these opinions make it clear that the courts look to the entire
record to determine if the probationer was given the requisite information. In these causes, the
evidence demonstrates that appellant knew she was obligated to attend a life skills class and that
she knew how to satisfy that obligation. By her own admission, appellant did not attend the class. 
We conclude that the trial court did not abuse its discretion by revoking appellant's probation for
failing to attend the life skills program.

 Points of error two, three, and four are overruled insofar as they pertain to the
eighteenth condition of probation. Because the revocation of probation may be sustained on this
ground alone, we do not address these points of error as they relate to the other challenged
conditions. Moore v. State, 605 S.W.2d 924 (Tex. Crim. App. 1980).

 The orders revoking probation are affirmed.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: February 19, 1992

[Do Not Publish]