# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00350-CR

**Walter William Thetford, III, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT NO. A-97-0187-S, HONORABLE DICK ALCALA, JUDGE PRESIDING

Appellant Walter William Thetford, III, appeals from an order revoking community supervision. In his only point of error, he contends the district court abused its discretion by revoking supervision "without sufficient evidence and/or cause." We will affirm.

Thetford was placed on community supervision following his conviction for felony driving while intoxicated. *See* Tex. Penal Code Ann. §§ 49.04(a), .09(b) (West Supp. 2000). Two of the conditions of supervision were that Thetford serve a term of confinement in a substance abuse felony punishment facility, and then remain in a transitional treatment center until released by its staff. The State moved to revoke supervision on the ground that Thetford "failed to remain at the Clover House Transitional Treatment Center until release by the staff of said

Center." At the hearing on the State's motion, Thetford pleaded true and a written stipulation admitting the violation was placed in evidence.

Thetford's plea of true and the written stipulation are sufficient to support the court's finding of a violation of the conditions of supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). Nevertheless, Thetford argues that the court abused its discretion because the condition of supervision did not specifically name Clover House as the transitional treatment center in which he was to remain. This argument does not relate to the sufficiency of the evidence. Instead, Thetford seems to be contending that he was not properly notified that remaining at Clover House was required. There is no question, however, that Thetford was to live in a transitional treatment center, that Clover House is a transitional treatment center, and that Thetford was ordered to report to Clover House upon his release from the substance abuse felony punishment facility. The opinion cited by Thetford is factually distinguishable. *See Rains v. State*, 678 S.W.2d 308, 310-11 (Tex. App.–Fort Worth 1984, pet. ref'd). Thetford also complains of the admission of evidence of other, unalleged violations of the supervisory conditions, but no objection to this evidence was voiced at the hearing.

The district court has not been shown to have abused its discretion by revoking Thetford's community supervision. We find no support for Thetford's assertion that the court was prejudiced against him. Thetford's contention that justice would have been better served by continuing him on supervision presents nothing for review.

2

The order revoking community supervision is affirmed.

_____

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed:   November 30, 2000

Do Not Publish