COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-283-CR
  
  
ADRIAN 
BARAJAS MENCHACA A/K/A                                     APPELLANT
ADRIAN 
B. MENCHACA
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        In 
a single point, Appellant Adrian Barajas Menchaca claims that one of the 
conditions of his community supervision is vague and unreasonable. We agree and 
we will modify the judgment to delete a portion of provision 21 of Appellant’s 
community supervision. As modified, we will affirm the trial court’s judgment.
        Appellant 
pleaded guilty, and a jury found him guilty, of burglary of a habitation. The 
jury assessed Appellant’s punishment at five years’ imprisonment, but 
recommended probation. The trial court sentenced Appellant to five years’ 
confinement, probated for seven years.  After pronouncing Appellant’s 
sentence, the trial court announced a few non-standard conditions of his 
probation. Specifically, because the home that was burglarized was located at 
944 North Riverside Drive and because the injured party who lived there was 
afraid, the trial court stated,
  
[Y]ou are not going to be allowed to have any contact with the injured party in 
this case . . . and you are not going to be allowed to travel down Riverside 
Drive in Fort Worth.

The 
following day, the trial court signed an order entitled “Supplemental 
Amendment to Conditions of Community Supervision,” setting forth the provision 
that Appellant “not enter or go near Riverside Drive in Ft. Worth, TX.” 
Appellant claims this provision is vague and unreasonable.
        The 
State argues that Appellant has waived any complaint concerning this provision 
by failing to object to it in the trial court. We agree with the State that a 
defendant must complain at trial concerning probation conditions he finds 
objectionable and that the failure to object waives any complaint. See Speth 
v. State, 6 S.W.3d 530, 534-35 (Tex. Crim. App. 1999) (holding appellant 
waived challenge to probation condition requiring him to attend sex offender 
counseling). Here, however, Appellant does not object to the requirement that he 
have no contact with the injured party or avoid her residence at 944 North 
Riverside Drive. Nor does Appellant challenge the trial court’s verbal 
instruction that he not travel down Riverside Drive. He is willing to comply 
with these conditions and has no objection to them.
        Instead, 
Appellant claims that he is unsure exactly what conduct is prohibited by the 
written community supervision probation provision that he “not enter or go 
near Riverside Drive in Ft. Worth, TX.” Appellant hypothetically asks whether 
the “not . . . go near Riverside Drive” prohibits him from driving across 
Riverside Drive anywhere in Fort Worth and whether the provision prohibits him 
from driving down a street parallel to Riverside Drive, one block away. “How 
close is near?” Appellant asks.
        Conditions 
of probation should be expressed clearly and explicitly so that the probationer 
understands what is expected of him. Rickels v. State, 108 S.W.3d 900, 
902 (Tex. Crim. App. 2003). We hold that the community supervision provision 
instructing Appellant to “not enter or go near Riverside Drive in Ft. Worth, 
TX.” is vague and unreasonable. See Curtis v. State, 548 S.W.2d 57, 58 
(Tex. Crim. App. 1977) (holding condition requiring appellant to remain within a 
specified place to be vague and unenforceable); Simpson v. State, 772 
S.W.2d 276, 281 (Tex. App.—Amarillo 1989, no pet.) (holding condition 
requiring appellant to maintain his hair in a "neat and orderly 
manner" to be vague and unenforceable); see also Rains v. State, 678 
S.W.2d 308, 310-11 (Tex. App.—Fort Worth 1984, pet. ref’d). We hold that, 
although Appellant did not object in the trial court, he did not waive his right 
to have this condition of his community supervision stated in definite terms 
specifically setting forth the prohibited conduct.[2]  
We sustain Appellant’s sole issue. We modify the trial court’s judgment by 
modifying provision 21 set forth in the Supplemental Amendment to Conditions of 
Community Supervision to read, “Do not go within 1000 feet of 944 N. Riverside 
Drive.”  See Rickels, 108 S.W.3d at 902 (holding condition 
providing that appellant not go within 300 feet of a child safety zone not 
vague).  As modified, we affirm the trial court’s judgment.
 
  
                                                          SUE 
WALKER
                                                          JUSTICE
 
 
PANEL 
B:   DAUPHINOT, WALKER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 3, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Because provision 21 is unenforceably vague, Appellant’s violation of 
provision 21 would not support revocation of his probation. See Curtis, 
548 S.W.2d at 58; Simpson, 772 S.W.2d at 281; Rains, 678 S.W.2d at 
310-11. Consequently, as written, provision 21 is essentially a nullity. 
Appellant seeks to clarify provision 21—which will make the modified provision 
sufficiently specific to be enforceable—not to avoid its application entirely. 
Consequently, judicial economy and the State’s interest in ensuring terms of 
probation are enforceable are both served by this court’s modification of 
provision 21 to make it enforceable.