Adrian Barajas Menchaca v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-283-CR

ADRIAN BARAJAS MENCHACA A/K/A APPELLANT

ADRIAN B. MENCHACA

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In a single point, Appellant Adrian Barajas Menchaca claims that one of the conditions of his community supervision is vague and unreasonable.  We agree and we will modify the judgment to delete a portion of provision 21 of Appellant’s community supervision. As modified, we will affirm the trial court’s judgment.

Appellant pleaded guilty, and a jury found him guilty, of burglary of a habitation.  The jury assessed Appellant’s punishment at five years’ imprisonment, but recommended probation.  The trial court sentenced Appellant to five years’ confinement, probated for seven years.  After pronouncing Appellant’s sentence, the trial court announced a few non-standard conditions of his probation.  Specifically, because the home that was burglarized was located at 944 North Riverside Drive and because the injured party who lived there was afraid, the trial court stated,

[Y]ou are not going to be allowed to have any contact with the injured party in this case . . . and you are not going to be allowed to travel down Riverside Drive in Fort Worth.

The following day, the trial court signed an order entitled “Supplemental Amendment to Conditions of Community Supervision,” setting forth the provision that Appellant “not enter or go near Riverside Drive in Ft. Worth, TX.” Appellant claims this provision is vague and unreasonable.  

The State argues that Appellant has waived any complaint concerning this provision by failing to object to it in the trial court.  We agree with the State that a defendant must complain at trial concerning probation conditions he finds objectionable and that the failure to object waives any complaint.  
See Speth v. State
, 6 S.W.3d 530, 534-35 (Tex. Crim. App. 1999) (holding appellant waived challenge to probation condition requiring him to attend sex offender counseling).  Here, however, Appellant does not object to the requirement that he have no contact with the injured party or avoid her residence at 944 North Riverside Drive.  Nor does Appellant challenge the trial court’s verbal instruction that he not travel down Riverside Drive.  He is willing to comply with these conditions and has no objection to them.

Instead, Appellant claims that he is unsure exactly what conduct is prohibited by the written community supervision probation provision that he “not enter or go near Riverside Drive in Ft. Worth, TX.”  Appellant hypothetically asks whether the “not . . . go near Riverside Drive” prohibits him from driving across Riverside Drive anywhere in Fort Worth and whether the provision prohibits him from driving down a street parallel to Riverside Drive, one block away.  “How close is near?” Appellant asks.  

Conditions of probation should be expressed clearly and explicitly so that the probationer understands what is expected of him.  
Rickels v. State
, 108 S.W.3d 900, 902 (Tex. Crim. App. 2003).  We hold that the community supervision provision instructing Appellant to “not enter or go near Riverside Drive in Ft. Worth, TX.” is vague and unreasonable.  
See Curtis v. State
, 548 S.W.2d 57, 58 (Tex. Crim. App. 1977) (holding condition requiring appellant to remain within a specified place to be vague and unenforceable); 
Simpson v. State, 
772 S.W.2d 276, 281 (Tex. App.—Amarillo 1989, no pet.) (holding condition requiring appellant to  maintain his hair in a "neat and orderly manner" to be vague and unenforceable); 
see also Rains v. State
, 678 S.W.2d 308, 310-11 (Tex. App.—Fort Worth 1984, pet. ref’d).  We hold that, although Appellant did not object in the trial court, he did not waive his right to have this condition of his community supervision stated in definite terms specifically setting forth the prohibited conduct.
(footnote: 2)  We sustain Appellant’s sole issue.  We modify the trial court’s judgment by modifying provision 21 set forth in the Supplemental Amendment to Conditions of Community Supervision to read, “Do not go within 1000 feet of 944 N. Riverside Drive.”  
See Rickels
, 108 S.W.3d at 902 (holding condition providing that appellant not go within 300 feet of a child safety zone not vague).  As modified, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 3, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Because provision 21 is unenforceably vague, Appellant’s violation of provision 21 would not support revocation of his probation.  
See Curtis
, 548 S.W.2d at 58; 
Simpson, 
772 S.W.2d at 281; 
Rains
, 678 S.W.2d at 310-11.  Consequently, as written, provision 21 is essentially a nullity.  Appellant seeks to clarify provision 21—which will make the modified provision sufficiently specific to be enforceable—not to avoid its application entirely.  Consequently, judicial economy and the State’s interest in ensuring terms of probation are enforceable are both served by this court’s modification of provision 21 to make it enforceable.