In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00010-CR
______________________________


JOHN A. HOFFMAN, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the County Court at Law No. 4
Montgomery County, Texas
Trial Court No. 04-192928


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â As the apparently intoxicated John A. Hoffman stumbled to, entered, and started his car in
a public parking lot, a concerned citizen, Charles Venema, approached nearby police officer Angela
Fountain, reported Hoffman's actions, and pointed out Hoffman to the officer. Fountain, on foot,
tried to flag down Hoffman before he drove away, but, after looking at Fountain for a few moments,
Hoffman drove off without comment. Fountain entered her patrol car, and followed and stopped
Hoffman's vehicle without seeing any errant driving by him. Fountain found Hoffman apparently
intoxicated.
Â Â Â Â Â Â Â Â Â Â Â Â Hoffman filed a motion to suppress evidence obtained due to the stop, based on his
contention there was no probable cause for the stop. The trial court denied his motion. Under a plea
agreement, Hoffman pled guilty to a misdemeanor charge of driving while intoxicated, was
sentenced to 180 days' confinement, which was suspended for eighteen months, and was assessed
a $1,000.00 fine. He appeals the denial of his motion to suppress the evidence.
Â Â Â Â Â Â Â Â Â Â Â Â We review a trial court's ruling on a motion to suppress evidence under what may be
described as a bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In reviewing the trial
court's decision, we do not engage in our own factual review. Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990). At a suppression hearing, the trial court is the sole trier of fact and judge
of the credibility of the witnesses and the weight to be given their testimony. State v. Ross, 32
S.W.3d 853, 855 (Tex. Crim. App. 2000). Therefore, we give almost total deference to the trial
court's rulings on (1) questions of historical fact and (2)Â application-of-law-to-fact questions that turn
on an evaluation of credibility and demeanor. Johnson v. State, 68 S.W.3d 644, 652â53 (Tex. Crim.
App. 2002). But we review de novo a trial court's rulings on mixed questions of law and fact if they
do not turn on the credibility and demeanor of witnesses. Id.
Â Â Â Â Â Â Â Â Â Â Â Â Further, the concept of "reasonable suspicion" is one that is objective, and disregards the
subjective intent of the officer making the stop. It relies solely on whether an objective basis for the
stop exists. Ford v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Further, we must uphold
a trial court's ruling on a motion to suppress if it is reasonably supported by the record and is correct
under any theory of law applicable to the case. State v. Steelman, 93 S.W.3d 102, 107 (Tex. Crim.
App. 2002); Matthews v. State, 165 S.W.3d 104 (Tex. App.âFort Worth 2005, no pet.).
Â Â Â Â Â Â Â Â Â Â Â Â Hoffman contends the trial court erred by denying his motion to suppress because there was
no reasonable suspicion to justify the stop that ultimately resulted in his arrest. He argues that the
officer had no authority to pull him over based solely on a report by a citizen and that, because the
officer did not observe him violating any traffic laws, the stop was unlawful. The foundational
question of this case is just how much a police officer may rely on a report by a concerned citizen
and what action the officer can take based on that report.
Â Â Â Â Â Â Â Â Â Â Â Â Law enforcement officers may stop and briefly detain persons suspected of criminal activity
on less information than is constitutionally required for probable cause to arrest. Terry v. Ohio, 392
U.S. 1, 22 (1968); Pipkin v. State, 114 S.W.3d 649, 653 (Tex. App.âFort Worth 2003, no pet.). To
initiate an investigative stop, the officer must possess a reasonable suspicion based on specific
articulable facts that, in light of the officer's experience and general knowledge, would lead the
officer to the reasonable conclusion that criminal activity is underway and the detained person is
connected to the activity. Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). These facts
must amount to more than a mere hunch or suspicion. Pipkin, 114 S.W.3d at 654.
Â Â Â Â Â Â Â Â Â Â Â Â The cases hold that the information provoking the officer's suspicions need not be based on
personal observation, but may be based on an informant's tip that bears sufficient "indicia of
reliability" to justify a stop. See Adams v. Williams, 407 U.S. 143, 146â47 (1972). Unsolicited
information concerning a crime in progress provided to police in a face-to-face encounter by a
concerned citizen who is not connected with police and is not a paid informant is inherently reliable. 
United States v. Sierra-Hernandez, 581 F.2d 760, 763 (9th Cir. 1978); Harrison v. State, 144 S.W.3d
82, 86 (Tex. App.âFort Worth 2004, pet. granted); State v. Fudge, 42 S.W.3d 226, 232 (Tex.
App.âAustin 2001, no pet.); State v. Sailo, 910 S.W.2d 184, 189 (Tex. App.âFort Worth 1995,
pet. ref'd). This is because, in such situations, the citizen puts himself or herself in a position of
being identified and being held accountable. Sierra-Hernandez, 581 F.2d at 763; Bilyeu v. State, 136
S.W.3d 691, 695 (Tex. App.âTexarkana 2004, no pet.); Fudge, 42 S.W.3d at 232; Sailo, 910
S.W.2d at 188.
Â Â Â Â Â Â Â Â Â Â Â Â In this case, Venema approached Fountain in the parking lot. He pointed out Hoffman to her,
said Hoffman had been having great difficulty walking to his car, and expressed the opinion that
Hoffman was in no condition to drive. Further, Fountain testified that, when she ran to Hoffman's
car and attempted to flag him down before he left the parking lot, Hoffman merely looked at her for
a few seconds and then drove out onto the street. Fountain got into her patrol car, followed
Hoffman, and stopped him.
Â Â Â Â Â Â Â Â Â Â Â Â The present factsâpersonal contact by a concerned, identified citizen reporting Hoffman's
erratic walking and his apparent unwillingness to stop when flagged down by an officerâcause this
case to fall squarely within the line of cases discussed above. Venema, not connected with police,
provided an unsolicited, face-to-face report concerning a possible crime in progress or about to
occur, while he was personally observing the event. The information provided by Venema was
sufficiently reliable to provide police with reasonable articulable suspicion to initiate an investigative
stop of Hoffman. See, e.g., Harrison, 144 S.W.3d at 86; Pipkin, 114 S.W.3d at 653â54; Fudge, 42
S.W.3d at 232; Garcia v. State, 25 S.W.3d 908, 911 (Tex. App.âHouston [14th Dist.] 2000, no
pet.); Sailo, 910 S.W.2d at 189. The contention of error is overruled.
Â 
Â 
Â 
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â July 29, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â September 2, 2005

Do Not Publish



ight Shading Accent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00163-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ROBERT GEORGE LIVELY,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 6th Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Lamar County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial
Court No. 19950

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Opinion by Justice Carter








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  O P I N I O N

Â 

Â Â Â Â Â Â Â Â Â Â Â  In
2004, Robert George Lively was convicted of theft by check in an amount more
than $1,500.00 but less than $20,000.00, and was placed on community
supervision for a period of five years.Â 
For the second time, the State moved to revoke LivelyÂs community
supervision based on failure to pay court costs, fines, and restitution.[1]Â  The trial court revoked community supervision
and imposed imprisonment of twenty-four months in a state jail facility after
accepting LivelyÂs plea of true to all allegations contained within the second
motion to revoke.Â  On appeal, Lively
argues that he was denied the constitutional right to a speedy revocation
hearing, that his plea of true was involuntary, and that the evidence was
insufficient to support revocation.Â  We
will affirm. 

I.Â Â Â Â Â Â Â Â Â  Lively Failed to
Preserve Issue of Speedy Revocation Hearing 

Â Â Â Â Â Â Â Â Â Â Â  Lively
argues that his constitutional right to a speedy revocation hearing was
violated because the motion to revoke was filed on July 22, 2009, the hearing
was not ordered until July 14, 2010,[2] and
the hearing did not take place until August 27, 2010.Â  Although Lively did not raise this issue below,
he asks this Court to hold that he may raise his speedy trial claim for the
first time on appeal.Â  We decline to do
so.Â  

Â Â Â Â Â Â Â Â Â Â Â  As
we have held before, we again hold that claims involving the right to a speedy
revocation hearing are Âwaived unless raised at or prior to trial.ÂÂ  Wade v.
State, 83 S.W.3d 835, 838 (Tex. App.ÂTexarkana 2002, no pet.); Fuller v. State, 224 S.W.3d 823, 826Â27
(Tex. App.ÂTexarkana 2007, no pet.); see Tex. R. App. P.
33.1. Â Because Lively did not raise this issue with
the trial court, he has failed to preserve his speedy trial claim.Â  LivelyÂs first point of error is overruled.[3]


II.Â Â Â Â Â Â Â  Lively
Failed to Preserve Issue of Voluntariness of Plea 

Â Â Â Â Â Â Â Â Â Â Â  Lively cites the following in support
of his challenge to the voluntariness of his plea:

Â Â Â Â Â Â Â Â Â Â Â  THE COURT:Â  All
right, sir.Â  As to the allegations
contained in the StateÂs petition -- asking that I -- saying that you violated
the terms and conditions of your community supervision, true or not?

Â 

Â Â Â Â Â Â Â Â Â Â Â  THE
DEFENDANT:Â  Yes, sir. 

Â 

Â Â Â Â Â Â Â Â Â Â Â  THE
COURT:Â Â Â Â Â Â Â Â Â Â Â Â  They are true?

Â 

Â Â Â Â Â Â Â Â Â Â Â  THE
DEFENDANT:Â  My fault. 

Â 

Â Â Â Â Â Â Â Â Â Â Â  THE COURT: Â Â Â Â Â Â Â Â Â Â  Say
true. 

Â 

Â Â Â Â Â Â Â Â Â Â Â  THE DEFENDANT: Â Â Â Â Â Â Â Â Â Â Â  True,
sir. 

Â 

He claims
Âsince Appellant was told what to say by the Court, his plea of true was not
voluntary.Â 

Â Â Â Â Â Â Â Â Â Â Â  We
decline to address this contention.Â  ÂAs
a prerequisite to presenting a complaint for appellate review, the record must
show that: (1) the complaint was made to the trial court by a timely request,
objection, or motion . . . .ÂÂ  Tex. R. App. P.
33.1(a)(1).Â  We have previously held that
challenges to the voluntariness of a plea must be raised before the trial court
to preserve the complaint for review on appeal.Â 
Sims v. State, 326 S.W.3d 707,
713 (Tex. App.ÂTexarkana 2010, pet. struck) (citing Mendez v. State, 138 S.W.3d 334, 339, 350 (Tex. Crim. App.
2004)).Â  Here, no complaint was made to
the trial court that the plea was involuntary not only at the time of the
revocation hearing, but no motion for new trial raised this issue.Â  This issue was never presented to the trial
court to consider. 

Â Â Â Â Â Â Â Â Â Â Â  We
note that prior to the exchange set forth above, Lively entered a written plea
of true after receiving written admonishments.Â 
The trial court admitted the written plea, Lively stated that he had
gone over it with his court-appointed counsel, understood the document,
realized that it contained Âa judicial confession in which you are confessing
to violating the terms and conditions of your community supervision,Â and also
understood the courtÂs statement that the Âconfession will be the evidence that
I can use to support my findings in this matter.ÂÂ  

Â Â Â Â Â Â Â Â Â Â Â  Because
Lively failed to preserve a challenge to the voluntariness of his plea of true
to the allegations in the StateÂs second motion to revoke, we overrule this
point of error. 

III.Â Â Â Â Â Â  Sufficient Evidence
Supported the Trial CourtÂs Judgment

Â Â Â Â Â Â Â Â Â Â Â  A.Â Â Â Â Â Â Â  Standard of Review 

Â Â Â Â Â Â Â Â Â Â Â  We will review the
trial courtÂs decision to revoke community supervision for an abuse of
discretion.Â  Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); In re T.R.S., 115 S.W.3d 318, 320 (Tex.
App.ÂTexarkana 2003, no pet.).Â  The trial
court does not abuse its discretion if the order revoking community supervision
is supported by a preponderance of the evidence; in other words, the greater
weight of the credible evidence would create a reasonable belief that the
defendant has violated a condition of his or her community supervision.Â  Rickels,
202 S.W.3d at 763Â64; T.R.S., 115
S.W.3d at 320.Â  In conducting our review,
we view the evidence in the light most favorable to the trial courtÂs ruling. Â Cardona
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); T.R.S., 115 S.W.3d at 321.Â 
If a single ground for revocation is supported by a preponderance of the
evidence and is otherwise valid, then an abuse of discretion is not shown.Â  Sanchez
v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); T.R.S., 115 S.W.3d at 321 (citing Stevens v. State, 900 S.W.2d 348, 351
(Tex. App.ÂTexarkana 1995, pet. refÂd)).

B.Â Â Â Â Â Â Â  Statutory Changes to Texas Code of Criminal Procedure Article
42.12, Section 21(c)

Â 

Â Â Â Â Â Â Â Â Â Â Â  Lively does not dispute that he
failed to pay court costs, restitution, or court-ordered fines.Â  Instead, Lively complains that he was unable
to pay.Â  Inability to pay is addressed in
the following statute:

In a community supervision
revocation hearing at which it is alleged only that the defendant violated the
conditions of community supervision by failing to pay compensation paid to
appointed counsel, community supervision fees, or court costs, the state must
prove by a preponderance of the evidence that the defendant was able to pay and
did not pay as ordered by the judge.

Â 

Tex. Code Crim. Proc. Ann. art. 42.12,
Â§ 21(c) (Vernon Supp. 2010).[4]Â  

Â Â Â Â Â Â Â Â Â Â Â  Whereas
the State had the burden to prove by a preponderance of the evidence that
Lively had the ability to pay court costs, the statute is now silent as to
restitution and court-ordered fines.Â  Tex. Code Crim. Proc. Ann. art. 42.12,
Â§ 21(c).Â  By the omission of restitution
and fines from the statute, some Texas courts have held that it was the LegislatureÂs
intent that the State no longer carry the burden to prove a defendantÂs ability
to pay restitution and fines.Â  See Sherwood v. State, No.
10-09-00114-CR, 2010 WL 1611063, at *1 (Tex. App.ÂWaco Apr. 21, 2010, pet.
refÂd) (mem. op., not designated for publication) (holding Âthe State need only
show that the defendant did not payÂ); Hood
v. State, No. 12-08-00366-CR, 2009 WL 4981459, at *2 & n.1 (Tex.
App.ÂTyler Dec. 23, 2009, no pet.) (mem. op., not designated for publication)
(Because Â[t]he statute does not apply to restitution or reparations, as the
previous statute did,Â Âability to pay restitution need not be proven when the
state seeks to revoke a suspended sentence.Â); Sierra v. State, No. 03-08-00664, 2009 WL 2902706, at *3 (Tex.
App.ÂAustin Aug. 26, 2009, no pet.) (mem. op., not designated for publication)
(Â[T]he 2007 amendments also removed restitution from the class of payments
covered by the statute.Â  Consequently,
SierraÂs ability or inability to pay, while still relevant to the StateÂs
allegations of nonpayment of community supervision fees and court costs, is
immaterial to the StateÂs allegation regarding restitution.Â).[5]


Â Â Â Â Â Â Â Â Â Â Â  However, the
United States Supreme Court has held that Âin revocation proceedings for
failure to pay a fine or restitution, a sentencing court must inquire into the
reasons for the failure to pay.ÂÂ  Bearden v. Georgia, 461 U.S. 660, 672
(1983). Â The Court explained in Bearden:

If the probationer willfully refused to pay or
failed to make sufficient bona fide efforts legally to acquire the resources to
pay, the court may revoke probation and sentence the defendant to imprisonment
within the authorized range of its sentencing authority.Â  If the probationer could not pay despite
sufficient bona fide efforts to acquire the resources to do so, the court must
consider alternate measures of punishment other than imprisonment. Â Only if alternate measures are not adequate to
meet the StateÂs interests in punishment and deterrence may the court imprison
a probationer who has made sufficient bona fide efforts to pay. Â To do otherwise would deprive the probationer
of his conditional freedom simply because, through no fault of his own, he
cannot pay the fine. Â Such a deprivation
would be contrary to the fundamental fairness required by the Fourteenth
Amendment. 

Â 

Id. at 672Â73.[6]Â  

Â Â Â Â Â Â Â Â Â Â Â  In
amending Section 21(c), the Legislature was mindful of Bearden.Â  Criminal Justice Comm., Bill Analysis,
Tex. H.B. 312, 80th Leg., R.S. (2007) (ÂThis bill conforms the statute to the
requirements of the Due Process Clause as interpreted by the United States
Supreme Court in Bearden v. Georgia.Â).Â  While the removal of restitution and fees in
the statute was not inadvertent, legislative history suggests the intent was
not to impose strict liability for failure to pay restitution and fines.Â  Texas
House Research Organization, Bill Analysis (Tex. H.B. 312, 80th Leg.,
R.S. (2007) (ÂCSHB 312 appropriately would continue to allow the state to
revoke probation for non-payment of reparations and restitution. Â Code of Criminal Procedure, art.Â 42.037[7]
already requires the court to consider a defendantÂs finances in the decision
to revoke probation based on non-payment of reparations and restitution. Â These are debts that defendants owe to
victims, and their rights to receive these payments should not be impinged.Â); Criminal Jurisprudence Comm., Bill Analysis,
Tex. H.B. 312, 80th Leg., R.S. (2007); Criminal
Justice Comm., Bill Analysis, Tex. H.B. 312, 80th Leg., R.S. (2007)
(acknowledging the amended statute Â[r]equires the state, in a community
supervision revocation hearing at which it is alleged only that the defendant
failed to pay compensation paid to appointed counsel, community supervision
fees, or court costs, but not restitution or reparations, to prove by a
preponderance of evidence that the defendant was able to pay and did not pay as
ordered by the judge.Â).Â  In fact, after
the Sherwood, Sierra, and Hood decisions, the Legislature has
proposed to amend Section 21(c) to state:

In a community supervision
revocation hearing at which it is alleged only that the defendant violated the
conditions of community supervision by failing to pay compensation paid to
appointed counsel, community supervision fees, [or] court costs, or
any other amount required to be paid as a condition of community supervision,
the state must prove by a preponderance of the evidence that the defendant was
able to pay and did not pay as ordered by the judge.

Â 

Tex. H.B.
921, 82nd Leg., R.S. (Introduced Jan. 26, 2011). 

Â Â Â Â Â Â Â Â Â Â Â  C.Â Â Â Â Â Â Â  Evidence of Willful Refusal to Pay 

Â Â Â Â Â Â Â Â Â Â Â  Under normal
circumstances, LivelyÂs plea of true to the allegations contained within the
StateÂs second motion to revoke would be sufficient to support the trial
courtÂs judgment.Â  But the StateÂs motion
to revoke alleged only a failure to pay, without addressing willful refusal to
pay or ability to pay; thus, the plea of true did not admit willful refusal to
pay.Â  The United States Supreme Court in Bearden has held that in order to revoke
probation and impose imprisonment, it must be shown that the probationer
willfully refused to pay or make sufficient bona fide efforts to do so.Â  We will review the sufficiency of the
evidence with this as the standard.[8]Â  

Â Â Â Â Â Â Â Â Â Â Â  Luttrell
testified Lively had not Âmade any payment since November of 2007; the last
time a motion to revoke was filed.ÂÂ  To
Âwipe his accounts clean,Â Luttrell testified Lively owed $2,307.34.Â  Lively testified he was a ÂVietnam veteranÂ
receiving pension in the amount of $985.00.Â 
He claimed that he was in an inpatient drug treatment program for eight
months and did not have the ability to pay during that time.Â  Upon graduating from the program, Lively
worked as a staff member at the facility for two months.Â  He left the program in December 2008. Â Lively Âmoved into Housing Authority location
apartment.ÂÂ  In support of an alternate
measure, Lively stated he was a carpenter, had arranged for transportation, and
was Âalmost positiveÂ that he could Âtake care of [the] obligation.ÂÂ  Lively was prepared to pay $370.59 with the
money in his bank account and would continue to pay Â$100 the first of every
month.ÂÂ  

Â Â Â Â Â Â Â Â Â Â Â  In
a community supervision revocation hearing, the trial court is the sole trier
of fact and determines the credibility of the witnesses and the weight to be
given their testimony.Â  Cherry v. State, 215 S.W.3d 917, 919
(Tex. App.ÂFort Worth 2007, pet. refÂd).Â 
The court may accept or reject any or all of the witnessÂ
testimony.Â  Mattias v. State, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987).Â  The trial court could have rejected LivelyÂs
testimony that he did not have the ability to pay, especially after his release
from the inpatient drug treatment program.Â 
It was free to conclude that LivelyÂs failure to pay restitution and
court-ordered fines was willful, considering that he received $985.00 per
month, lived in a low-income apartment provided at an affordable rate by the
housing authority, and had paid $1,300.00 in exchange for dismissal of the
StateÂs first motion to revoke.Â  Further,
the trial court could have found that Lively failed to make sufficient bona
fide efforts to acquire resources to pay because he was a carpenter, but had
not yet sought employment in that field or elsewhere.Â  

Â Â Â Â Â Â Â Â Â Â Â  Reviewing
the record as a whole, we conclude the greater weight of credible evidence
created a reasonable belief that Lively willfully violated the courtÂs order to
pay restitution and fines.Â  Therefore,
the trial court did not abuse its discretion in revoking LivelyÂs community supervision.Â  Because these grounds for revocation were
supported by a preponderance of the evidence, we need not address LivelyÂs
complaint that the State failed to prove ability to pay with respect to court
costs. Â T.R.S., 115 S.W.3d at 321.Â  

Â Â Â Â Â Â Â Â Â Â Â  We
overrule LivelyÂs last point of error.

IV.Â Â Â Â Â Â  CONCLUSION


Â Â Â Â Â Â Â Â Â Â Â  We
affirm the trial courtÂs judgment. 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Jack
Carter

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  March 15, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  March 18, 2011

Â 

Publish











[1]The
trial court had previously exercised its jurisdiction to continue Lively on
community supervision after a hearing on the StateÂs first motion to revoke
filed on April 4, 2007.Â  The StateÂs
second motion to revoke, filed on July 22, 2009, also copied an allegation from
the first motion, namely that Lively failed to avoid the use of controlled
substances on several occasions from February 2, 2006 until March 5, 2007.Â  Because the trial court had previously
decided to continue Lively on community supervision on this ground, it was
without authority to later revoke community supervision upon the same
ground.Â  Rogers v. State, 640
S.W.2d 248 (Tex. Crim. App. [Panel Op.] 1981); Rains v. State, 678 S.W.2d 308 (Tex. App.ÂÂFort Worth 1984, pet. refÂd).Â  Instead, the court was required to base its
decision to revoke, as it did, on allegations and proof of subsequent
violations.Â  Therefore, we do not address
the partiesÂ arguments with respect to the duplicative ground contained within
the second motion to revoke. 





[2]The
motion to revoke was filed on the day before the expiration of the five-year
community supervision period, and a capias was issued on the same date.Â  Lively was not apprehended until July 13,
2010.Â  

Â 





[3]Although
Lively did not cite any portion of the record suggesting error was preserved,
the State excerpts the following statement made during closing argument:Â  

Â 

Your
Honor, I have a couple of issues here.Â 
While Mr. Luttrell was testifying, I believe we have a due diligence
issue in this matter.Â  According to the
testimony and the records here, during the time after the probation motion was
filed, there was no active warrant.Â  I
think there is a due diligence issue in this case.Â  I believe this case should be dismissed on
that merit alone.Â  

Â 

Lively was referring to Luke LuttrellÂs
testimony that his case was transferred in April 2010 to a ÂHugo probation
paroleÂ officer, Âwho failed to follow-up progress reports and case closure
notice,Â Âconducted a records check and found no active warrants.ÂÂ  We do not interpret, and Lively does not
argue, this excerpt constituted an assertion of a right to speedy trial.Â  Rather, we believe this was an argument
concerning the expiration date of LivelyÂs community supervision.Â  Although capias issued on July 22, 2009, the
clerkÂs record did not contain a copy of the capias until July 2010, a few days
after the sheriffÂs return documenting LivelyÂs arrest.Â  Because the community supervision officerÂs
records check in April 2010, after capias had issued, revealed no outstanding
warrants, we interpret this statement as a challenge to the date that capias
was issued, and a suggestion that the trial court lacked jurisdiction. 





[4]The
prior version of Article 42.12, Section 21(c) read:Â  ÂIn a community supervision revocation
hearing at which it is alleged only that the defendant violated the conditions
of community supervision by failing to pay compensation paid to appointed
counsel, community supervision fees, court costs, restitution, or reparations,
the inability of the defendant to pay as ordered by the judge is an affirmative
defense to revocation, which the defendant must prove by a preponderance of
evidence.ÂÂ  See Act of May 8,
1993, 73rd Leg., R.S., ch. 900, Â§ 4.01, 1993 Tex. Gen. Laws 3586, 3740 (amended
2007). 





[5]Although these unpublished cases have no precedential
value, we may take guidance from them Âas an aid in developing reasoning that
may be employed.Â Â Carrillo v. State, 98 S.W.3d 789, 794 (Tex. App.ÂÂAmarillo 2003,
pet. refÂd).





[6]Although
no constitutional argument was raised by Lively below, we look to Bearden for guidance in addressing
LivelyÂs challenges to sufficiency of the evidence. 

Â 





[7]ÂIf
a defendant is placed on community supervision or is paroled or released on
mandatory supervision, the court or the parole panel shall order the payment of
restitution ordered under this article as a condition of community supervision,
parole, or mandatory supervision. The court may revoke community supervision
and the parole panel may revoke parole or mandatory supervision if the
defendant fails to comply with the order. In determining whether to revoke
community supervision, parole, or mandatory supervision, the court or parole
panel shall consider:Â  (1) the
defendantÂs employment status; (2) the defendantÂs current and future earning
ability; (3) the defendantÂs current and future financial resources; (4) the
willfulness of the defendantÂs failure to pay; (5) any other special
circumstances that may affect the defendantÂs ability to pay; and (6) the
victimÂs financial resources or ability to pay expenses incurred by the victim
as a result of the offense.ÂÂ  Tex. Code Crim. Proc. Ann. art.
42.037(h) (Vernon 2006). 





[8]ÂGiven
the constitutional imperative that defendants may not be deprived of liberty
due to poverty, it would seem appropriate to treat restitution in the same
manner as court costs, despite the express removal of this term from the
statute.ÂÂ  4 Texas Criminal Practice Guide Â§ 82.06[9] (Matthew Bender
2010).