# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH
### NO. 02-15-00147-CR


DEVANY CHARONE SNEED                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 1095599D

----------

## OPINION

----------

Appellant Devany Charone Sneed appeals from a judgment adjudicating her guilty of assault causing bodily injury to a public servant in retaliation for an official duty. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(1) (West Supp. 2015). Directing us to our opinion in *Rains v. State*, 678 S.W.2d 308 (Tex. App.—Fort Worth 1984, pet. ref'd), Sneed complains that her due process and due course of law rights as guaranteed by the federal and state constitutions were violated

because the allegations relied upon by the State to revoke her community supervision were the same allegations that the State had previously included in a petition to adjudicate her guilt and that the trial court had already considered in amending her conditions of community supervision.  Sneed failed to preserve this issue for appellate review.  Therefore, we will affirm.

In May 2008, the trial court placed Sneed on seven years' deferred adjudication community supervision upon her plea of guilty to assault causing bodily injury to a public servant.  The trial court ordered Sneed to comply with numerous written terms and conditions.  In August 2013, October 2013, April 2014, and June 2014, the trial court supplemented or amended the terms or conditions of Sneed's community supervision, ordering that she be confined in jail for a number of days, that she complete a substance abuse assessment or other program, or that she be subject to "[e]lectronic monitoring/home confinement."

In March 2015, the State filed a petition to proceed to adjudication, alleging that Sneed had violated her community supervision (1) by committing DWI on or about January 12, 2015, and (2) by consuming alcohol on or about January 12, 2015, June 3, 2014, May 25, 2014, July 26, 2013, and March 19, 2014.  The record does not contain any hearing on the State's petition, but on April 7, 2015, the trial court supplemented or amended Sneed's community supervision to include electronic monitoring by SCRAM.

Shortly thereafter, on April 17, 2015, the State filed its first amended petition to proceed to adjudication. The amended petition alleged the same six violations that were contained in the March 2015 petition but also that Sneed had used THC on April 8, 2015. At a subsequent hearing on the petition, Sneed pleaded true to the allegations that she had committed DWI on or about January 12, 2015, and that she had consumed alcohol on or about January 12, 2015, June 3, 2014, and May 25, 2014—paragraphs 1, 2(A), 2(B), and 2(C) of the amended petition. The State waived the allegations that Sneed had consumed alcohol on or about July 26, 2013 and March 19, 2014, and had used THC on or about April 8, 2015—paragraphs 2(D), (E), and (F). The trial court found paragraphs 1, 2(A), 2(B), and 2(C) true based upon Sneed's pleas of true and adjudicated her guilty.

In *Rains*, we held in part that the trial court had abused its discretion by revoking Rains's probation for failing to report to his probation officer because the trial court had considered the same ground at a previous revocation hearing and reinstated Rains's probation with modifications. *Id.* at 309. Our holding principally relied upon *Rogers v. State*, 640 S.W.2d 248 (Tex. Crim. App. [Panel Op.] 1981), an opinion in which the court of criminal appeals concluded that Rogers had been denied due process because, after once modifying and continuing his probation upon the State's motion to revoke, which alleged six different violations, the trial court proceeded to revoke his probation in the absence of allegations and proof of a subsequent violation. *Id.* at 249, 251.

3

Sneed's argument is certainly well taken, but we are compelled to instead turn our attention to a different part of the *Rogers* opinion. On the State's second motion for rehearing, the court of criminal appeals held that Rogers had failed to preserve his due process argument. *Id.* at 263–65 (op. on reh'g). It explained,

> The record in the case at bar shows that neither appellant nor his attorney voiced any objections to the procedure used by the trial judge. Indeed they urged it. The record shows that appellant pled true to the charges of violating his probation, entered into a stipulation of the evidence, and then testified to the circumstances surrounding the violations of his probationary conditions. . . .
>
> . . . .
>
> Despite several opportunities, no objection was made by the defense as to the procedure used in this probation revocation.
>
> It is a general rule that appellate courts will not consider any error which counsel for accused could have called, but did not call, to the attention of the trial court at the time when such error could have been avoided or corrected by the trial court. . . .
>
> This general rule also applies to constitutional questions. . . .
>
> . . . .
>
> . . . Thus, in the present case, since appellant failed to voice any due process objection to the procedures used by the trial court, we hold that he waived his complaint. Thus, the State's motion for rehearing is granted and the order revoking appellant's probation is affirmed.

*Id.* at 264–65 (citations omitted). The court of criminal appeals continues to require a defendant to preserve an argument that the procedure used to revoke her community supervision failed to comply with due process. *See Tapia v. State*, 462 S.W.3d 29, 37 (Tex. Crim. App. 2015) (confirming that Tapia had

preserved his due process argument in the trial court before considering the State's argument that the court of appeals had improperly relied upon *Rogers* to reverse the trial court's revocation decision).

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015), *cert. denied*, 136 S. Ct. 1461 (2016); *Sanchez v. State*, 418 S.W.3d 302, 306 (Tex. App.—Fort Worth 2013, pet. ref'd). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt v. State*, 407 S.W.3d 259, 263 (Tex. Crim. App. 2013). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

Here, Sneed pleaded true to four of the State's allegations, and when the trial court asked if there was any legal reason why she should not be sentenced, her trial counsel said, "No, Your Honor, we have produced all the evidence that we would produce." Sneed raised no objection or argument either at the hearing on the State's first amended petition to proceed to adjudication or in her subsequent motion for new trial that her due process and due course of law rights were violated because the grounds that the State relied upon to revoke her

5

community supervision (and that it had not waived) were the same grounds that the trial court had previously considered in amending her conditions of community supervision. Sneed therefore forfeited this issue for appellate review. *See* Tex. R. App. P. 33.1(a)(1); *Rogers*, 640 S.W.2d at 264–65; *see also Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008), *cert. denied*, 555 U.S. 1105 (2009) ("We have consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence. This is true even though the error may concern a constitutional right of the defendant." (footnotes omitted)). Accordingly, we overrule Sneed's only issue and affirm the trial court's judgment adjudicating her guilt.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: DAUPHINOT, MEIER, and GABRIEL, JJ.

DAUPHINOT, J., concurs with opinion.

GABRIEL, J., concurs without opinion.

PUBLISH

DELIVERED: May 19, 2016

6