**Devany Charone SNEED Appellant**

**v.**

**The STATE of Texas, State**

**NO. 02–15–00147–CR**

Court of Appeals of Texas,
Fort Worth.

DELIVERED: May 19, 2016

Blake R. Burns, Fort Worth, TX, for Appellant.

Sharen Wilson, Criminal District Attorney; Debra Windsor, Chief of Post–Conviction; Steven W. Conder, Lloyd Whelchel, Assistant Criminal District Attorneys for Tarrant County Fort Worth, TX, for State.

PANEL: DAUPHINOT, MEIER, and GABRIEL, JJ.

## OPINION

BILL MEIER, JUSTICE

Appellant Devany Charone Sneed appeals from a judgment adjudicating her guilty of assault causing bodily injury to a public servant in retaliation for an official duty. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(1) (West Supp.2015). Directing us to our opinion in *Rains v. State,* 678 S.W.2d 308 (Tex.App.–Fort Worth 1984, pet. ref'd), Sneed complains that her due process and due course of law rights as guaranteed by the federal and state constitutions were violated because the allegations relied upon by the State to revoke her community supervision were the same allegations that the State had previously included in a petition to adjudicate her guilt and that the trial court had already considered in amending her conditions of community supervision. Sneed failed to preserve this issue for appellate review. Therefore, we will affirm.

In May 2008, the trial court placed Sneed on seven years' deferred adjudication community supervision upon her plea of guilty to assault causing bodily injury to a public servant. The trial court ordered Sneed to comply with numerous written terms and conditions. In August 2013, October 2013, April 2014, and June 2014, the trial court supplemented or amended the terms or conditions of Sneed's community supervision, ordering that she be confined in jail for a number of days, that she complete a substance abuse assessment or other program, or that she be subject to "[e]lectronic monitoring/home confinement."

In March 2015, the State filed a petition to proceed to adjudication, alleging that Sneed had violated her community supervision (1) by committing DWI on or about January 12, 2015, and (2) by consuming alcohol on or about January 12, 2015, June 3, 2014, May 25, 2014, July 26, 2013, and March 19, 2014. The record does not contain any hearing on the State's petition, but on April 7, 2015, the trial court supplemented or amended Sneed's community supervision to include electronic monitoring by SCRAM.

Shortly thereafter, on April 17, 2015, the State filed its first amended petition to proceed to adjudication. The amended petition alleged the same six violations that were contained in the March 2015 petition but also that Sneed had used THC on April 8, 2015. At a subsequent hearing on the petition, Sneed pleaded true to the allegations that she had committed DWI on or about January 12, 2015, and that she had consumed alcohol on or about January 12, 2015, June 3, 2014, and May 25, 2014—paragraphs 1, 2(A), 2(B), and 2(C) of the amended petition. The State waived the allegations that Sneed had consumed alcohol on or about July 26, 2013 and March 19, 2014, and had used THC on or about April 8, 2015—paragraphs 2(D), (E), and (F). The trial court found paragraphs 1, 2(A), 2(B), and 2(C) true based upon Sneed's pleas of true and adjudicated her guilty.

In *Rains,* we held in part that the trial court had abused its discretion by revoking Rains's probation for failing to report to his probation officer because the trial court

had considered the same ground at a previous revocation hearing and reinstated Rains's probation with modifications. *Id.* at 309. Our holding principally relied upon *Rogers v. State,* 640 S.W.2d 248 (Tex. Crim.App. [Panel Op.] 1981), an opinion in which the court of criminal appeals concluded that Rogers had been denied due process because, after once modifying and continuing his probation upon the State's motion to revoke, which alleged six different violations, the trial court proceeded to revoke his probation in the absence of allegations and proof of a subsequent violation. *Id.* at 249, 251.

Sneed's argument is certainly well taken, but we are compelled to instead turn our attention to a different part of the *Rogers* opinion. On the State's second motion for rehearing, the court of criminal appeals held that Rogers had failed to preserve his due process argument. *Id.* at 263–65 (op. on reh'g). It explained,

The record in the case at bar shows that neither appellant nor his attorney voiced any objections to the procedure used by the trial judge. Indeed they urged it. The record shows that appellant pled true to the charges of violating his probation, entered into a stipulation of the evidence, and then testified to the circumstances surrounding the violations of his probationary conditions....

. . . .

Despite several opportunities, no objection was made by the defense as to the procedure used in this probation revocation.

It is a general rule that appellate courts will not consider any error which counsel for accused could have called, but did not call, to the attention of the trial court at the time when such error could have been avoided or corrected by the trial court....

This general rule also applies to constitutional questions....

. . . .

...Thus, in the present case, since appellant failed to voice any due process objection to the procedures used by the trial court, we hold that he waived his complaint. Thus, the State's motion for rehearing is granted and the order revoking appellant's probation is affirmed.

*Id.* at 264–65 (citations omitted). The court of criminal appeals continues to require a defendant to preserve an argument that the procedure used to revoke her community supervision failed to comply with due process. *See Tapia v. State,* 462 S.W.3d 29, 37 (Tex.Crim.App.2015) (confirming that Tapia had preserved his due process argument in the trial court before considering the State's argument that the court of appeals had improperly relied upon *Rogers* to reverse the trial court's revocation decision).

■ To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex.R.App. P. 33.1(a)(1); *Douds v. State,* 472 S.W.3d 670, 674 (Tex. Crim.App.2015), *cert. denied,* —— U.S. ——, 136 S.Ct. 1461, 194 L.Ed.2d 552 (2016); *Sanchez v. State,* 418 S.W.3d 302, 306 (Tex.App.–Fort Worth 2013, pet. ref'd). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex.R.App. P. 33.1(a)(2); *Everitt v. State,* 407 S.W.3d 259, 263 (Tex.Crim.App.2013). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Ford v. State,* 305 S.W.3d 530, 532 (Tex.Crim.App.2009).

■ Here, Sneed pleaded true to four of the State's allegations, and when the trial

court asked if there was any legal reason why she should not be sentenced, her trial counsel said, "No, Your Honor, we have produced all the evidence that we would produce." Sneed raised no objection or argument either at the hearing on the State's first amended petition to proceed to adjudication or in her subsequent motion for new trial that her due process and due course of law rights were violated because the grounds that the State relied upon to revoke her community supervision (and that it had not waived) were the same grounds that the trial court had previously considered in amending her conditions of community supervision. Sneed therefore forfeited this issue for appellate review. See Tex.R.App. P. 33.1(a)(1); Rogers, 640 S.W.2d at 264–65; see also Fuller v. State, 253 S.W.3d 220, 232 (Tex.Crim.App.2008), cert. denied, 555 U.S. 1105, 129 S.Ct. 904, 173 L.Ed.2d 120 (2009) ("We have consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence. This is true even though the error may concern a constitutional right of the defendant." (footnotes omitted)). Accordingly, we overrule Sneed's only issue and affirm the trial court's judgment adjudicating her guilt.

DAUPHINOT, J., concurs with opinion.

GABRIEL, J., concurs without opinion.

LEE ANN DAUPHINOT, Justice, concurring.

I write separately because, in addressing the issue of whether a trial court may consider allegations previously before the court in revoking community supervision, a journey down legal memory lane is helpful.

It used to be common practice for Texas trial courts to hear a motion to revoke probation, take the motion under advisement, hold the motion in abeyance, and, essentially, let the probationer's post-hearing conduct determine whether to grant or deny the motion on one or more of the grounds alleged in the motion to revoke.[1] Repeatedly, appellate courts have held that this procedure constituted a denial of due process:

> It is clear at least after *Morrissey v. Brewer* that a probationer can no longer be denied due process in reliance on the dictum . . . that probation is an "act of grace." "Getting a break," the Texas version of "act of grace," is no more a reliable dictum for denial of due process. The Court was at pains to explain in *Morrissey v. Brewer*.
>
> > This Court now has rejected the concept that constitutional rights turn upon whether a governmental benefit is characterized as a "right" or as a "privilege." Whether any procedural protections are due depends on the extent to which an individual will be condemned to suffer grievous loss. The question is not merely the weight of the individual's interest, but whether the nature of the interest is one within the contemplation of the "liberty or property" language of the Fourteenth Amendment.[2]

---

1. See, e.g., Rains v. State, 678 S.W.2d 308, 309–10 (Tex.App.–Fort Worth 1984, pet. ref'd).

2. Rogers v. State, 640 S.W.2d 248, 253–54 (Tex.Crim.App.1982) (op. on reh'g) (citations and selected quotation marks omitted); see also id. at 263 (2nd op. on reh'g) (agreeing

"that due process mandates another determination that the probationer has breached the conditions of probation *after* he has been returned to probation (or that there is newly discovered evidence of a previous violation which was not known at the time of the first revocation hearing)").

And, repeatedly, appellate courts have reminded the bench and bar that, after conducting a hearing without a jury, a trial court's options regarding someone on community supervision are limited by the legislature.[3] The legislature has specifically detailed that after a, hearing, a trial court may only "continue, extend, modify, or revoke" the community supervision.[4] But the legislature has not given the trial court authority to revisit a disposition with no new allegations:

> The court having exercised its authority at that earlier hearing by modifying the terms of probation instead of revoking probation, it was clearly without authority to change that disposition at a subsequent hearing at which no further violation of probation was shown.[5]

In the case sub judice, the State filed its petition to proceed to adjudication on March 31, 2015. The trial court amended Appellant's conditions of community supervision to add electronic monitoring on April 7, 2015. On April 17, 2015, the State amended its petition, adding one additional allegation of a violation. On May 4, 2015, the trial court heard the live petition, the State waived the new allegation, Appellant entered a "true-but" plea, and the trial court granted the petition to proceed to adjudication, finding the original allegations to be true. This action by the trial court violated Appellant's constitutional rights to due process.[6]

But Appellant did not object to the trial court's considering the original allegations despite the trial court's intervening amendment of his conditions of community supervision to require electronic monitor-

ing. As the majority points out, even a due-process complaint must be preserved, and Appellant has not done so.

Consequently, I concur in the result.

---

**3.** *See, e.g., Furrh v. State,* 582 S.W.2d 824, 827 (Tex.Crim.App.1979) (op. on reh'g); *Kimball v. State,* 119 S.W.3d 463, 465 (Tex.App.–Beaumont 2003, no pet.).

**4.** Tex.Code Crim. Proc. Ann. art. 42.12, § 21(b–2) (West Supp.2015).

**5.** *Furrh,* 582 S.W.2d at 827.

**6.** *See Rogers,* 640 S.W.2d at 253–54.