

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00192-CR

_____

RASHUN DEONTA WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Red River County, Texas
Trial Court No. CR02883

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

Rashun Deonta Williams pled guilty to evading arrest with a motor vehicle and true to the State's punishment enhancement allegations. Under his plea bargain agreement with the State, Williams received ten years' deferred adjudication community supervision. As a part of the terms and conditions of his community supervision, Williams had to complete 300 hours of community service and was ordered to pay a $1,000.00 fine, $383.00 in court costs, $1,068.75 in attorney fees for his court-appointed counsel, and a $50.00 Crime Stoppers fee. He was also required to abstain from the use of drugs and from violating any law.

Williams signed the terms and conditions of his community supervision on June 3, 2019. Two days later, he tested positive for marihuana and methamphetamine. As a result, the State moved to proceed with adjudication of guilt.[1] Williams pled true to testing positive for marihuana and methamphetamine, but asserted that he did not resist arrest, search, or transportation. After the trial court found the two drug-related allegations true, it adjudicated Williams guilty of evading arrest, sentenced him to fifteen years' imprisonment, and ordered him to pay the fine, costs, and attorney fees previously imposed in its order of deferred adjudication.

In his sole point of error on appeal, Williams argues, "The Due Process Clauses of the United States Constitution and the Constitution of the State of Texas were violated by using a sample collected at a time which was not limited to the Appellant being placed on community supervision." The State argues that Williams failed to preserve his sole point of error. We agree.

---

[1]The State amended its motion to include an allegation that Williams committed another offense by bringing prohibited substances, including a can of tobacco and a lighter, into a correctional facility, but abandoned that ground for revocation at trial. Also, the trial court did not rule on the State's allegation that Williams "committed the offense of Resisting Arrest, Search, or Transportation."

That said, we modify the trial court's judgment to reflect Williams's pleas of true to the drug-related allegations and affirm the judgment, as modified.

## I. Williams Did Not Preserve His Sole Point of Error for Review

Williams's argument is based on his self-serving testimony that, although he told community supervision officers during his initial intake that he had used no drugs since April 2019, he used drugs while in the jail just before he signed his community supervision papers on June 3. The trial court did not believe Williams's testimony. Williams's drug test occurred after his community supervision period. In an argument made for the first time on appeal, Williams argues that "reliance upon testing which includes time prior to his being placed on probation is a violation of due process of law."

To preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1). The State notes that Williams failed to raise his due process argument with the trial court.[2] "It is well established that almost every right, constitutional and statutory, may be waived by failing to object." *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (citing *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986)); *see Hull v. State*, 67 S.W.3d 215, 218 (Tex. Crim. App. 2002) (even due process rights can be waived).

"The court of criminal appeals continues to require a defendant to preserve an argument that the procedure used to revoke her community supervision failed to comply with due process." *Sneed v. State*, 493 S.W.3d 218, 220 (Tex. App.—Fort Worth 2016, no pet.) (citing *Tapia v. State*,

---

[2]Williams also pled true to the allegations and raises no point on the sufficiency of the evidence to support the trial court's revocation.

462 S.W.3d 29, 37 (Tex. Crim. App. 2015)). Because Williams did not raise his due process complaint with the trial court, we find his sole point of error unpreserved.

## II.     We Modify the Judgment to Reflect Williams's Pleas of True

The reporter's record shows that the trial court only found true the State's allegations that Williams had used marihuana and methamphetamine in violation of the terms and conditions of his community supervision. Although Williams pled true to these allegations, the judgment mistakenly reflects that Williams pled "Not True" to the entirety of the State's motion.

"We have the authority to modify the judgment to make the record speak the truth." *Minter v. State*, 570 S.W.3d 941, 944 (Tex. App.—Texarkana 2019, no pet.) (citing TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.)). As a result, we modify the trial court's judgment to show that Williams entered pleas of true to the two drug-related allegations in the State's motion to proceed with adjudication of guilt.

## III.     Conclusion

We modify the trial court's judgment to show that Williams entered pleas of true to the State's drug-related allegations that the trial court found were true. As modified, we affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:     January 9, 2020
Date Decided:       January 28, 2020

Do Not Publish

4