

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00178-CR

_____

MONIQUE DANYELL NAPIHAA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 081159-E-CR, Honorable Douglas Woodburn, Presiding

January 9, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

"What a difference a day makes."[1]

The matter at bar concerned action on the State's amended motion to revoke Monique Danyell Napihaa's community supervision. She had earlier been convicted of assaulting a public servant. The trial court levied a five-year prison sentence, suspended

---

[1] Dinah Washington

it, and assigned her four years of probation. Determining that Napihaa violated various conditions of that probation, the State moved to revoke it. The trial court heard the motion on June 23, 2022, accepted Napihaa's plea of true to the allegations therein, revoked probation, and assessed the same sentence levied earlier, which again included four years of probation. One day later, the same motion appeared again on the trial court's docket. At that hearing, the court again received and accepted Napihaa's renewed plea of true to the accusations. This time, though, it heard evidence before granting the very motion it granted the previous day. Its sentence differed, however. No longer was Napihaa allowed to remain on probation. Instead, the trial court ordered her to prison for five years. We affirm.

The sole issue before us concerns whether her right to due process was denied her. She argues that the denial stemmed from the inadequate warning of and deficient amount of time to prepare for the second hearing. Admittedly, we are left to wonder why the trial court held a second hearing and resentenced Napihaa the day after the first hearing and sentence. No motion for new trial or reconsideration appears of record. Nor did anyone explain to us the need or reason for the second hearing. Furthermore, the identity of the counsel, trial court, and appellant remained the same; so, it can hardly be suggested that those appearing at the June 24th proceeding were unaware on the 23rd.

What we do know, though, is that no one complained to the trial court about proceeding anew. Rather, all did as they did a day earlier, announced ready to proceed, and heard Napihaa's second plea of true. On the 24th, though, she tendered evidence, signed a document through which she waived "any right I may have to prepare for a

2

hearing on my community supervision revocation," and received an unsuspended sentence to prison. Odd, indeed. What a difference a day makes.

And, what a difference the absence of complaint makes. A defendant is required to preserve an argument that the procedure used to revoke her community supervision failed to comply with due process. *Sneed v. State*, 493 S.W.3d 218, 220 (Tex. App.—Fort Worth 2016, no pet.). Should she not, the due process complaint falls beyond review. *Id.* at 220-21. This is true even if the claim arose from an appellant first being reinstated to probation in response to a motion to revoke and, via a second hearing on the same motion, having probation revoked. *Rogers v. State*, 640 S.W.2d 248, 263-65 (Tex. Crim. App. 1982). In view of Napihaa's silence below, she waived her due process issue on appeal.

We overrule the unpreserved issue and affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.