

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-23-00305-CR

———————————————————

QUENTIN GERARD BONAKIES, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1608962

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

In 2019, Appellant Quentin Gerard Bonakies pleaded guilty to the offense of assault family violence with a previous conviction. *See* Tex. Penal Code Ann. § 22.01(b)(2)(A). The trial court entered an order deferring adjudication of guilt and placing Bonakies on community supervision for three years.

In 2020, the State filed a Petition to Proceed to Adjudication, alleging that Bonakies had violated several terms and conditions of his community supervision. The State amended its petition in 2022, and in 2023, Bonakies pleaded true to paragraphs four, five, and six of the State's amended petition. The trial court then adjudicated Bonakies guilty of the original offense and sentenced him to four years in the Texas Department of Criminal Justice. In what he frames as a single issue, Bonakies complains that the trial court's failure to conduct a hearing on whether to adjudicate him guilty violated his constitutional and statutory rights. We will affirm.

## I. INTRODUCTION

The facts of Bonakies's underlying offense—and of his violations of the terms and conditions of his community supervision—are not pertinent to his appeal. We will briefly summarize the pertinent facts and incorporate more details into our analysis as needed.

At the hearing on the State's First Amended Petition, both the State and the defense announced ready. Bonakies said to the trial court, "Excuse me. May I speak before you begin, please?" The trial court asked Bonakies what he would like to say.

Bonakies told the trial court, "I don't quite understand everything that's going on right now, and I just don't want to set myself up for failure." The trial court suggested that he "take a minute" to consult with his defense counsel,[1] to which Bonakies replied, "Yes, sir. He's went over it with me three times already. And I don't really truly agree with everything that's going on." Bonakies said that he would like to tell the trial court his side of the story, and the trial court told him, "I'll be happy to listen to you when it[']s time for that." The trial court then confirmed that both the State and the defense were ready to proceed with the hearing.

The State told the trial court that it was waiving all but paragraphs four, five, and six of its amended petition. Bonakies entered a plea of "true" to paragraphs four, five, and six, and the trial court stated, "Because you've pled true to those allegations, I find that they are true[,] and I will finally find you guilty of the offense of assault family -- of a family or household member with a previous conviction pursuant to your plea of guilty on October 29th of 2019." The State then rested, and Bonakies testified in his own defense.

After Bonakies had testified, the trial court asked if there was any legal reason why sentence should not be pronounced. Both the State and the defense responded in the negative, and the trial court then sentenced Bonakies to four years in the Texas

---

[1]Bonakies's attorney in the trial court is not the same attorney representing him on appeal. All references in this opinion to Bonakies's "counsel" refer only to the attorney who represented him in the trial court.

Department of Criminal Justice. Bonakies timely appealed the Judgment Adjudicating Guilt.

## II. ANALYSIS

Bonakies argues on appeal that the trial court violated due process, his right to counsel, and Article 42A.108(b) of the Texas Code of Criminal Procedure by failing to conduct a hearing to determine whether the trial court should grant the State's amended petition. The State counters that, "contrary to Bonakies'[s] assertion, the trial court did conduct an adjudication hearing pursuant to Article 42A.108(b) at which Bonakies and his counsel were present," and in any event, his appellate complaint concerning the procedure used by the trial court in conducting the hearing is waived because he failed to preserve his complaint by objecting at the hearing or raising it in a motion for new trial. We hold that Bonakies forfeited his complaint that the trial court violated due process and Article 42A.108 by not raising it in the trial court and that his other complaints did not have to be preserved for our review but have no merit.

### A. FORFEITURE OF ERROR

To meet the requirements of due process, the final revocation of deferred adjudication community supervision must be preceded by a hearing, where the probationer is entitled to written notice of the claimed violations of his probation, disclosure of the evidence against him, an opportunity to be heard in person and to present witnesses and documentary evidence, a neutral hearing body, and a written

4

statement by the fact finder as to the evidence relied on and the reasons for revoking probation.[2] *Ex parte Carmona*, 185 S.W.3d 492, 495 (Tex. Crim. App. 2006); *see Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761–62 (1973). Article 42A.108 of the Texas Code of Criminal Procedure provides that a defendant accused of violating a condition of his deferred adjudication community supervision "is entitled to a hearing limited to a determination by the court of whether the court will proceed with an adjudication of guilt on the original charge." Tex. Code Crim. Proc. Ann. art. 42A.108(b).

Bonakies contends that the trial court denied him these rights when it did not conduct a hearing to determine whether to proceed to adjudication on the original charge. He complains that the trial court "only engaged in a cursory colloquy before adjudicating [him] guilty and proceeding to the punishment hearing." In so doing, he contends, the trial court denied him the opportunity to present "substantial reasons which justified or mitigated [his] violation[s] and made revocation inappropriate." *See Gagnon*, 411 U.S. at 790, 93 S. Ct. at 1764. But Bonakies never made these complaints in the trial court.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion sufficiently stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1);

---

[2]"Community supervision" and "probation" are synonymous and generally used interchangeably. *Hongpathoum v. State*, 578 S.W.3d 213, 214 n.1 (Tex. App.—Fort Worth 2019, no pet.); *see Euler v. State*, 218 S.W.3d 88, 89 n.1 (Tex. Crim. App. 2007).

*Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021). Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020). Generally, a defendant forfeits constitutional errors by failing to object at trial. *Golliday v. State*, 560 S.W.3d 664, 670–71 (Tex. Crim. App. 2018); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Anderson v. State*, 301 S.W.3d 276, 279–80 (Tex. Crim. App. 2009). And, as this court has recognized, "[t]he court of criminal appeals continues to require a defendant to preserve an argument that the procedure used to revoke h[is] community supervision failed to comply with due process." *Sneed v. State*, 493 S.W.3d 218, 220 (Tex. App.—Fort Worth 2016, no pet.); *see Tapia v. State*, 462 S.W.3d 29, 37 (Tex. Crim. App. 2015).

Bonakies contends that he did preserve his complaint for our review. As his "timely request, objection, or motion," he points to something he said to the trial court prior to entering his true pleas: "I don't really truly agree with everything that's going on. So, because I feel if I talk to you and I tell you about my situation, I still feel like you['re] trying to send me to the penitentiary. So, I -- and I don't believe I deserve it."

He also directs us to his defense counsel's statement, "We planned on doing this what we called a true but hearing. But we're going through with that rather than try to work out a plea bargain, all right." Even construing these statements liberally as a "request, objection, or motion," neither Bonakies nor his counsel mentioned due

6

process or Article 42A.108. To preserve a complaint for our review, the complaining party's request, objection, or motion must state "the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." Tex. R. App. P. 33.1(a)(1)(A).

Bonakies contends that the trial court's statement, "That is why we're here. We're here to have a hearing on your situation and to come up with a resolution for it," shows that the trial court "understood" his comments "to amount to a request for a hearing." But nothing in the record shows that the trial court understood Bonakies to be requesting a hearing based on due process or Article 42A.108(b). Nor were those specific grounds apparent from the context.[3] To reverse the trial court's judgment on a legal claim that was never presented in the trial court would violate "ordinary notions of procedural default." *Neal v. State*, 150 S.W.3d 169, 179 (Tex. Crim. App. 2004).

---

[3]Bonakies had ample opportunity prior to entering his plea to invoke his due process rights and Article 42A.108. After confirming that the State and defense were both ready to proceed, the trial court asked Bonakies's defense counsel, "Do you feel like you need any more time with Mr. Bonakies to explain the proceedings here today?" Counsel responded, "I feel like I've done a thorough job of explaining it. If he has questions, I'll be happy to answer them." Before Bonakies entered his plea, the trial court confirmed that he had reviewed a copy of the State's First Amended Petition to Proceed to Adjudication, was familiar with the allegations that it contained, and had discussed those allegations with his counsel. And, immediately following the trial court's oral finding of guilt, Bonakies did not object when the trial court asked the State if it had any evidence it wanted "to present for punishment."

Because Bonakies did not make a timely request, objection, or motion on due process or Article 42A.108 grounds in the trial court, he has not preserved this complaint for appellate review. *See* Tex. R. App. P. 33.1(a)(1)(A); *see also Rogers v. State*, 640 S.W.2d 248, 265 (Tex. Crim. App. [Panel Op.] 1981) (second op. on reh'g) (holding appellant waived his due process complaint by failing to voice any due process objection to the procedures used by the trial court). To the extent that Bonakies's lone appellate issue relies on the trial court's alleged violations of due process or Article 42A.108(b), we overrule it.

### B. NO VIOLATION OF WAIVABLE-ONLY OR SYSTEMIC RIGHTS

Bonakies raises other appellate complaints that he did not raise in the trial court. He contends that the trial court's forgoing of the adjudication hearing violated his rights to counsel, to be sentenced after consideration of the entire applicable range of punishment, and to be sentenced legally.

The right to assistance of counsel, including effective assistance of counsel, at a critical stage of criminal proceedings and the right to be sentenced after consideration of the entire applicable range of punishment are waivable-only rights that must be implemented unless expressly waived. *Gilley v. State*, 418 S.W.3d 114, 119 (Tex. Crim. App. 2014) (right to counsel at a critical stage of the proceedings); *Grado v. State*, 445 S.W.3d 736, 738–39 (Tex. Crim. App. 2014) (right to be sentenced by a judge who considers the entire range of punishment). The right to be sentenced legally is an absolute or systemic right that a trial court must follow even if the parties wish

8

otherwise. *Burg v. State*, 592 S.W.3d 444, 449, 451 (Tex. Crim. App. 2020); *see Garza v. State*, 435 S.W.3d 258, 260 (Tex. Crim. App. 2014) (discussing the different "categories" of rights according to *Marin v. State*, 851 S.W.2d 275, 278–80 (Tex. Crim. App. 1993), *overruled in part on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997), and explaining their relation to the preservation requirements).

Rule 33.1 "does not apply to rights which are waivable only or to absolute systemic requirements, the violation of which may still be raised for the first time on appeal." *State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009); *see Peyronel v. State*, 465 S.W.3d 650, 652 (Tex. Crim. App. 2015); *Grado*, 445 S.W.3d at 743; *Reyes v. State*, 361 S.W.3d 222, 229 (Tex. App.—Fort Worth 2012, pet. ref'd). Therefore, Bonakies did not need to preserve his appellate complaints that the trial court denied him these rights.

The trial court did not deny Bonakies his right to counsel. The record reflects that Bonakies was represented by counsel at every critical stage of the proceedings. The counsel who represented him in the trial court was appointed November 18, 2020—five days after the State filed its original petition—and the record reflects no lapse in his representation prior to Bonakies's appeal.[4] Bonakies's right-to-counsel complaint is wholly unavailing.

---

[4]In addition, we note that, after sentencing Bonakies, the trial court informed him of his rights to appeal and to a court-appointed lawyer and free appellate record if he was indigent, and it obtained his defense counsel's assurance that he would go over these rights with Bonakies.

Bonakies's complaint that the trial court "did not consider the full range of dispositions" is likewise unavailing. A trial court's arbitrary refusal to consider the entire range of punishment constitutes a denial of due process. *Grado*, 445 S.W.3d at 739. Bonakies correctly argues on appeal that the trial court could have continued, extended, or modified his deferred adjudication community supervision but then makes the argument that "the trial court did not consider this available punishment." Absent a clear showing of bias, a trial court's actions will be presumed to have been correct. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). Having previously deferred sentencing Bonakies, the trial court was "free to consider the full range of offense-appropriate punishment," *Weed v. State*, 891 S.W.2d 22, 24–25 (Tex. App.—Fort Worth 1995, no pet.), and nothing shows that it did not.

Moreover, the trial court did not lose its power to modify, revoke, or continue Bonakies's deferred adjudication community supervision when it orally found him guilty, *see Cruz v. State*, No. 2-02-148-CR, 2003 WL 21283178, at *1 (Tex. App.—Fort Worth June 5, 2003, pet. ref'd) (mem. op., not designated for publication) (collecting cases), and the record does not reflect that the trial court refused to consider any of the evidence that Bonakies offered. During the evidentiary hearing on the motion to revoke, Bonakies's counsel called him as a witness, the State never objected to any of the questions that he was asked, and Bonakies did not call any other witnesses to testify on his behalf. Thus, the record shows that the trial court provided Bonakies an opportunity to present any evidence he wished to offer and appropriately considered

the entire applicable range of punishment for his offense. *See Davidson v. State*, No. 09-11-00660-CR, 2013 WL 395885, at *3 (Tex. App.—Beaumont Jan. 30, 2013, no pet.) (mem. op., not designated for publication).

Finally, Bonakies was sentenced legally. His four-year sentence was within the statutory range of punishment for his third-degree felony, *see* Tex. Penal Code Ann. §§ 12.34, 22.01(b)(2)(A), and it was pronounced in his presence. *See Burg*, 592 S.W.3d at 450–52 (analyzing what is and is not an "illegal sentence"). Before pronouncing sentence, the trial court asked the parties if they had "any legal reason why sentence should not be pronounced at this time," and both sides responded, "No." Accordingly, we overrule the remainder of Bonakies's sole issue.

## III. CONCLUSION

Having overruled Bonakies's only issue, we affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  June 6, 2024

11