

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00037-CR
No. 02-24-00038-CR
No. 02-24-00039-CR

———————————————

JAIME LYNN HUTCHINSON, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court Nos. 1658181, 1663262, 1680876

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

## I. Introduction

In July 2022, Appellant Jaime Lynn Hutchinson pleaded guilty to, and the trial court deferred adjudication on, multiple methamphetamine-related charges alleged to have occurred between September 2020 and April 2021:

- In cause number 1658181 (appellate cause number 02-24-00037-CR), Hutchinson was charged with two third-degree felonies: possession of a prohibited substance in a correctional facility, *see* Tex. Penal Code Ann. § 38.11(a)(1), (g), and possession of one gram or more but less than four grams of a controlled substance, *see* Tex. Health & Safety Code Ann. § 481.115(c). A repeat-offender notice alleging a 2016 felony drug conviction enhanced punishment to the second-degree range: 2 to 20 years' confinement and up to a $10,000 fine. *See* Tex. Penal Code Ann. §§ 12.33, .42(a). She pleaded guilty to both offenses and true to the enhancement in exchange for 10 years' deferred-adjudication community supervision.

- In cause number 1663262 (appellate cause number 02-24-00038-CR), Hutchinson was charged with a state-jail felony offense: possession of a controlled substance, less than one gram. *See* Tex. Health & Safety Code Ann. § 481.115(b). An enhancement alleging two prior state-jail felony convictions enhanced punishment from the state-jail range—180 days to 2 years in state jail and up to a $10,000 fine—to the third-degree range: 2 to 10 years' confinement and up to a $10,000 fine. *See* Tex. Penal Code Ann. §§ 12.34–.35, .425. She pleaded guilty in exchange for the enhancement's waiver and 5 years' deferred-adjudication community supervision.

- In cause number 1680876 (appellate cause number 02-24-00039-CR), Hutchinson was charged with a first-degree felony and a second-degree felony: possession of four grams or more but less than 200 grams of a controlled substance with intent to deliver and possession of four grams or more but less than 200 grams of a controlled substance. *See* Tex. Health & Safety Code Ann. §§ 481.112(d), .115(d). The same repeat-offender notice as in cause number 1658181 enhanced the second count's punishment to the first-degree range: life or any term of not more than 99 years or less than 5 years and up to a $10,000 fine. *See* Tex. Penal Code Ann. §§ 12.32, .42(b). Hutchinson pleaded guilty to both counts in exchange for

the enhancement's waiver and 10 years' deferred-adjudication community supervision.

A little over a year later, the State petitioned to proceed to adjudication in each case and then sought to dismiss each of the duplicative possession counts in cause numbers 1658181 and 1680876. On November 1, 2023, the trial court entered an order vacating the deferred-adjudication sentences for the duplicative possession counts, leaving one offense per cause number.

Hutchinson entered pleas of "true" in each case to three paragraphs in the State's petition,[1] and the trial court adjudicated her guilty, heard her testimony, and sentenced her to 10 years' confinement for each offense. The trial court's written judgment in cause number 1663262 conflicts with its 10-year oral pronouncement in that its written judgment provides that the sentence is 2 years' confinement in a state-jail facility, which is within the correct state-jail-felony punishment range. *See id.* § 12.35.

In her first issue, Hutchinson complains that the trial court denied her right to due process and her right to counsel and violated Code of Criminal Procedure Article 42A.108(b) by failing to conduct a hearing to determine whether to grant the State's motion to proceed to adjudication and thereby failing to consider the entire

---

[1]Hutchinson pleaded true to the State's allegations that she had violated her community supervision by testing positive for methamphetamine on January 26, 2023; February 24, 2023; March 15, 2023; and June 1, 2023; by admitting to using methamphetamine weekly starting in April 2023 and daily starting June 19, 2023; and by failing to provide a urine sample on January 29, 2022; January 24, 2023; April 19, 2023; April 21, 2023; May 19, 2023; July 19, 2023; July 20, 2023; and July 21, 2023.

3

punishment range. In her second issue, she asserts that the trial court's oral pronouncement of a 10-year sentence for the state-jail-felony conviction in cause number 1663262 imposed an illegal sentence.

Because Hutchinson failed to preserve her due-process and Article 42A.108 complaints and her complaints that did not require preservation are unsupported by the record, we overrule her first issue and affirm the trial court's judgments in cause numbers 1658181 and 1680876 and the portion of the judgment in cause number 1663262 that adjudicates her guilt. But because the trial court orally pronounced an illegal sentence in cause number 1663262, we sustain Hutchinson's second issue and remand that cause to the trial court solely for a new punishment assessment.

## II. Background

At the beginning of Hutchinson's hearing, the trial court went over with her the cause numbers and remaining offenses to which she had pleaded guilty in exchange for deferred adjudication. The trial court asked her if she had reviewed the allegations in the State's petition with her attorney and was familiar with what the State alleged she had done to violate her community supervision, and Hutchinson replied, "Yes, sir." The trial court then asked Hutchinson's counsel if she intended to plead true to three of the allegations in each of the State's petitions, and her counsel replied, "Yes. She will waive reading of the petitions, as well." The trial court then asked Hutchinson's counsel about her competency to enter her plea, and he replied,

4

"[S]he's been able to assist me in her defense and she rationally understands these proceedings." Hutchinson then pleaded true to the three allegations in each petition.

After Hutchinson pleaded true, the trial court stated,

Okay. Then, pursuant to that plea, I will find paragraphs two, three, and six to be true [in each cause number] and in cause number [1680876] I will finally find you guilty of the offense of possession of controlled substance between four and 200 grams, in cause [number 1658181] I will finally find you guilty of the offense of introduction of a prohibited substance into a correctional facility, and in cause number [1663262] I will finally find you guilty of the offense of possession of controlled substance less than one gram.

The trial court then asked Hutchinson's counsel if there was anything he wanted to present to the court, and her counsel called her to testify.

Hutchinson testified that she was a 39-year-old mother of eight and soon-to-be grandmother with a seven-year-long drug problem. She began using methamphetamine after a bad car-wreck injury, which she suffered when she was thrown through the windshield from the passenger seat and damaged her skull. She had also been around other drug users, including her abusive boyfriend, from whom she had been trying to escape the day she was arrested for criminal trespass.[2]

Hutchinson acknowledged having violated her community supervision several times by using methamphetamine and attributed her drug use to her environment. She testified that her priority was to get and stay clean and that she had not yet been to an

---

[2]One of the State's allegations in its motion in each case was that on or about August 26, 2023, Hutchinson had violated her community supervision by committing criminal trespass. The State dismissed that charge.

inpatient treatment facility but had been accepted by a "sober living place" where she could live if the trial court were to continue her on community supervision.

Hutchinson asked the trial court to reinstate her deferred-adjudication community supervision because it "takes the drug charges off [her] record and that's important to [her] adult kids" and because she did not "want to be a habitual drug user."

During cross-examination, Hutchinson agreed that she was a convicted felon based on her prior drug-related convictions. When asked about some of her convictions, Hutchinson stated that she had lost most of her memory in the 2015 car wreck but that she was sure what the prosecutor recounted was accurate. She stated that "everything from 2015 on" was methamphetamine-related.

Hutchinson attributed her failure to show up for drug tests starting in August 2022 (a month after she was placed on community supervision) to a lack of transportation. She agreed that she had been placed in supportive outpatient treatment via Zoom in November 2022 and acknowledged that some of her drug tests had been positive because she had been smoking marijuana while on community supervision. The following colloquy then occurred between Hutchinson and the prosecutor:

> Q. You understand that your history with methamphetamine does not look good for this court?

> A. Yes, ma'am.

Q. And your continued inability or unwillingness to follow the rules is a liability for keeping you on probation. Do you understand that?

A. Yes, ma'am.

Q. Do you know earlier today I offered to send you to SAFPF[3] to get treatment and you said no; is that right?

A. Yes.

On redirect, Hutchinson testified that she had asked the State to consider a shorter inpatient treatment of 90 days so that she could spend time with her soon-to-be born grandchild. Hutchinson stated that in her current condition after the car wreck, she had less than 10 years' life expectancy, and that if she had a first-degree-felony drug conviction, her daughter would not allow her to be around her first grandchild. She also expressed her fear of going to prison with "40 percent of [her] skull missing."

During closing, Hutchinson's counsel argued that she wanted to be free of drugs for her grandchild and that she was a long-term drug user who did not presently have the tools to keep herself clean. He asked the trial court to continue the deferred adjudication with inpatient treatment on the first-degree offense. The prosecutor recommended a 10-year sentence for each offense, pointing out that Hutchinson had already been to prison with her cranial condition and had turned down the SAFPF

---

[3]SAFPF is an acronym for a substance abuse felony punishment facility. *See Ex parte Sendejas*, No. WR-95,957-01, 2024 WL 4143411, at *1 (Tex. Crim. App. Sept. 11, 2024) (order) (not designated for publication) (explaining acronym).

treatment opportunity. The trial court orally pronounced a 10-year sentence for each offense.

## III. Discussion

In her first issue, Hutchinson asserts that the trial court violated due process, her right to counsel, and Article 42A.108(b) by failing to conduct a hearing to determine whether the trial court should grant the State's petition and by failing to consider the entire punishment range.[4] Hutchinson's counsel recently made the same arguments to this court in *Bonakies v. State*, No. 02-23-00305-CR, 2024 WL 2854773, at *1 (Tex. App.—Fort Worth June 6, 2024, pet. ref'd) (mem. op., not designated for publication).

In *Bonakies*, after the trial court confirmed that the State and defense were ready to proceed with the adjudication hearing, the State waived all but three paragraphs, and the defendant pleaded "true" to them. *Id.* The trial court then stated, "Because

---

[4]Hutchinson refers us to *Hughes v. State*, 691 S.W.3d 504 (Tex. Crim. App. 2024), to support her argument that she was denied the right to be present at her adjudication hearing because the trial court failed to conduct one. In *Hughes*, the court held that unless validly waived, an appellant may raise as error a violation of his or her right to be present under the Due Process Clause for the first time on appeal and that the right applies in a hearing on a motion to adjudicate. *Id.* at 519, 524. In that case, the trial court had muted the defendant several times during the defendant's Zoom revocation hearing. *Id.* at 508–09. The defendant in *Hughes* had not waived his right to be present, and when the trial court muted him on Zoom, he "was reduced to a silent portrait of a man," and his due-process right to be present was violated. *Id.* at 519, 522. "Mere presence—physical or virtual—without an ability to participate in the proceedings is hardly the presence required by the Constitution." *Id.* at 523. Hutchinson was present in the courtroom at the revocation hearing; accordingly, *Hughes* is inapposite.

you've pled true to those allegations, I find that they are true[,] and I will finally find you guilty of the offense . . . pursuant to your plea of guilty on October 29th of 2019." *Id.* The State then rested, and after the defendant testified, the trial court sentenced him to four years' confinement. *Id.*

On appeal—as Hutchinson does here—the defendant argued that by failing to conduct a hearing to determine whether the trial court should grant the State's petition, the trial court had violated due process, his right to counsel, and Code of Criminal Procedure Article 42A.108(b). *Id.* at *2. We held that he had forfeited his due-process and Article 42A.108(b) complaints by not raising them in the trial court and that his other complaint did not have to be preserved but lacked merit. *Id.*

Specifically, the defendant in *Bonakies* never complained in the trial court that the trial court had "only engaged in a cursory colloquy before adjudicating [him] guilty and proceeding to the punishment hearing" and had thereby denied him the opportunity to present substantial reasons that justified or mitigated his violations and made revocation inappropriate. *Id.*; *see* Tex. R. App. P. 33.1(a)(1); *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021) (requiring party to tell the trial court what he wants and why he thinks he is entitled to it and to do so clearly enough for the trial court to understand him at a time when it can do something about it). A defendant is required to preserve his argument that the procedure used to revoke his community supervision failed to comply with due process. *Bonakies*, 2024 WL 2854773, at *2 (quoting *Sneed v. State*, 493 S.W.3d 218, 220 (Tex. App.—Fort Worth

9

2016, no pet.), and referencing *Tapia v. State*, 462 S.W.3d 29, 37 (Tex. Crim. App. 2015)). The defendant in *Bonakies* mentioned neither due process nor Article 42A.108 in the trial court, and nothing in the record or from context showed that the trial court had understood the defendant's comments before the hearing to amount to a request for a hearing based on due process or Article 42A.108. *Id.* at *3.

To the contrary, we noted that the defendant had ample opportunity before entering his plea to invoke his due-process rights and Article 42A.108. *Id.* at *3 n.3. As here, before the defendant in *Bonakies* entered his plea, the trial court confirmed that the defendant had reviewed a copy of the State's petition, was familiar with its allegations, and had discussed them with counsel, and following the trial court's oral finding of guilt, the defendant did not object when the trial court asked the State if it had any evidence it wanted to "present for punishment." *Id.* Accordingly, we overruled his complaints based on due process and Article 42A.108 for lack of preservation. *Id.* at *3.

Hutchinson acknowledges in her appellate brief that she did not object or otherwise meet Rule of Appellate Procedure 33.1's preservation requirements as to her due-process complaint. The record likewise does not reflect that she raised Article 42A.108 in the trial court. Accordingly, as in *Bonakies*, she has failed to preserve these complaints, and we overrule this portion of her first issue. *See id.*

In *Bonakies*, the appellant had also complained that the trial court's actions had violated his right to counsel and to be sentenced after consideration of the entire

10

punishment range. *Id.* Hutchinson raises the same complaints here. We observed in *Bonakies* that although violation of these rights did not require preservation, the record reflected that the defendant had been represented by counsel at every critical stage of the proceedings, making his right-to-counsel complaint "wholly unavailing." *Id.* at *4. The same circumstances apply here in Hutchinson's case, so we overrule this portion of her first issue. *See id.*

Further, in *Bonakies*, we observed that nothing in the record showed that the trial court had failed to consider the full range of offense-appropriate punishment and that merely finding orally that the defendant was guilty did not rob the trial court of its power to modify, revoke, or continue his deferred adjudication community supervision. *Id.* The same reasoning and circumstances apply to Hutchinson's case; thus, we overrule the remainder of her first issue. *See id.*

In her second issue, Hutchinson argues that she was illegally sentenced to 10 years' confinement for her state-jail felony conviction. As a matter of due process and fair notice, a sentence orally pronounced by the trial court controls if it differs from the sentence detailed in the written judgment. *Ette v. State*, 559 S.W.3d 511, 513 (Tex. Crim. App. 2018). Here, the trial court's oral pronouncement of a 10-year sentence for the state-jail felony conflicts with its written judgment of 2 years' confinement in state jail.

The State concedes—and the record reflects—that Hutchinson's sentence in cause number 1663262 is illegal because it exceeds the maximum statutory

11

punishment for a state-jail felony. *See Ex parte Hill*, 632 S.W.3d 547, 557 (Tex. Crim. App. 2021) ("A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal."). When the defendant receives a sentence that is not authorized by law, we should affirm the conviction and remand the case for a proper punishment assessment. *See Ex parte Rich*, 194 S.W.3d 508, 514 (Tex. Crim. App. 2006). Accordingly, we sustain Hutchinson's second issue and will remand cause number 1663262 for a proper punishment assessment.

## IV. Conclusion

Having overruled Hutchinson's first issue, we affirm the trial court's judgments in cause numbers 1658181 and 1680876 and the non-punishment portion of its judgment in cause number 1663262. Having sustained Hutchinson's second issue, we remand cause number 1663262 to the trial court solely for a proper punishment assessment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 24, 2024